UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JASON COOKSEY et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 1:18CV49-LG-RHW |
| HUNT SOUTHERN GROUP, LLC et al | DEFENDANTS |

## ORDER GRANTING IN PART MOTIONS TO COMPEL

Before the Court are Plaintiffs' motions to compel production of information/documents. Doc. [174] [188]. Plaintiffs argue that the privilege log produced by Defendants Hunt Southern Group, LLC and Hunt MH Property Management LLC (Hunt Defendants) fails to demonstrate that the withheld materials are privileged, or at least fails to provide adequate information for Plaintiffs and the Court to make such a determination. Plaintiffs also argue that the privilege log produced by Defendant Forest City Residential Management LLC (Defendant Forest City) is inadequate. Plaintiffs request that the Court compel production of the documents on the privilege log, or in the alternative, review the documents *in camera*. In addition to their objections to the privilege logs, Plaintiffs request discovery for other residential properties at Keesler Air Force Base, not just Plaintiffs' specific residence. Plaintiffs further ask the Court to overrule Defendants' objection that discovery be limited to the time when Plaintiffs resided in their Keesler AFB residence. Finally, Plaintiffs request production of the Purchase Agreement between the Hunt Defendants and Defendant Forest City.

With respect to the privilege logs, Plaintiffs' motions to compel are denied. Defendants argue that Plaintiffs failed to confer in good faith regarding deficiencies in the privilege log prior to filing their motions to compel. A review of the deficiency letters sent by Plaintiffs' counsel

indicates that Plaintiffs discussed the absence of privilege logs, but they did not discuss any specific privilege log entries. *See* Doc. [174-1] [188-1]. At least with respect to the Hunt Defendants, Plaintiffs deficiency letter pre-dated production of the Hunt Defendants' privilege log. *See* Doc. [206-1]. Thus, it does not appear that Plaintiffs made any good faith effort to resolve disputes about specific privilege log entries prior to filing the instant motion to compel. This, by itself, is a sufficient basis for denying Plaintiffs' motions to compel.

     Plaintiffs also fail to identify a single privilege log entry that they believe to be deficient. Instead, Plaintiffs offer broad, general arguments about what constitutes privileged information and how such information should be identified in a privilege log. Plaintiffs have filed two motions to compel relating to the privilege logs of two separate sets of defendants. These motions to compel are almost word-for-word identical to one another and they are both equally lacking in specificity. A cursory reading of the Defendants' privilege logs demonstrates that they name and describe each document, identify the document's author, recipient, date, and the nature of the privilege asserted, as required by Fed. R. Civ. P. 26(b)(5)(A)(ii) and Local Rule 26(e). Plaintiffs' motions to compel lack the requisite level of specificity for the Court to evaluate the merits of Plaintiffs' generalized objections as they apply to the privilege logs.

     In the motions to compel, Plaintiffs also assert that Defendants should be compelled to produce maintenance records for Plaintiffs' residence and not be restricted to the period of Plaintiffs' occupancy of the residence. The Court finds that Plaintiffs' motion to compel should be granted to the extent that Plaintiffs are entitled to the maintenance records for their specific residence from date the unit was first occupied by any resident until 30 days after Plaintiffs vacated the property. However, Plaintiffs are not entitled to records for the properties of non-parties. The Court already addressed this latter scope-of-discovery issue in its order of

November 7, 2018, a decision which the district judge upheld on a motion for review.  *See* Doc. [144] [165].

With respect to the Purchase Agreement between the Hunt Defendants and Forest City, there are two different "Forest City" entities mentioned in this lawsuit—Forest City Southern Group, LLC (who is not a named party to this lawsuit) and Defendant Forest City Residential Management, LLC.  Defendant Forest City Residential Management LLC asserts that it does not and never has owned the residential units in question; rather Forest City Residential Management LLC was hired by Forest City Southern Group, LLC to operate and manage the property in question.  Doc. [225] at 2-3.  According to Defendant Forest City, Forest City Southern Group, LLC later changed its name to Hunt Southern Group, LLC.  Hunt Southern Group, LLC is a party to this lawsuit.  *Id.*  Defendant Forest City explains that Plaintiffs appear to be confusing the project owner with the project manager.  *Id.*  Based on Defendant Forest City's representations, there should be no Purchase Agreement between it and any other party to this lawsuit.

Plaintiffs previously filed a motion to compel requesting production of the Purchase Agreement from Defendant Forest City.  Doc. [142] at 1-2.  Defendant Forest City objected to producing the purchase agreement or any indemnity provisions on various procedural and substantive grounds.  *See* Doc. [145] at 2-3, 7-8.  The Court denied Plaintiffs' motion to compel based on Plaintiffs' failure to confer in good faith regarding the dispute prior to filing their motion to compel.  Doc. [158].  Plaintiffs renew their request for the Purchase Agreement in the instant motions to compel.

In the deficiency letters from Plaintiffs' counsel to the attorneys for Defendants, there is no mention of the Purchase Agreement.  *See* Doc. [174-1] [188-1].  Moreover, the Purchase

3

Agreement does not appear to be part of the discovery requests that are the subject of the instant motion to compel. In Request No. 1 of their Second Set of Requests for Production of Documents, Plaintiffs requested from Defendant Forest City a copy of any indemnity agreement between Defendant Forest City and any other party. *See* Doc. [142]. The deficiency letter sent to Defendant Forest City's attorney as part of the instant motion to compel does not list Request No. 1 from the Second Set of Requests as a subject of dispute. Thus, it appears Plaintiffs failed to confer in good faith, yet again, about this issue prior to filing their motion to compel. The motion to compel should be denied as to the Purchase Agreement.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiffs' Motions to Compel [174] [188] are GRANTED in part and DENIED in part, subject to the provisions outlined in this Order.

SO ORDERED AND ADJUDGED, this the 1st day of April 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE