UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON COOKSEY, HEIDI COOKSEY AND
SARAH COOKSEY, SYDNEY COOKSEY AND
SADIE COOKSEY, MINORS, BY AND
THROUGH THEIR NATURAL GUARDIANS,
JASON AND HEIDI COOKSEY                                                                    PLAINTIFFS

V.                                                                        CAUSE NO. 1:18-cv49-LG-RHW

HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP, LLC,
FOREST CITY RESIDENTIAL MANAGEMENT, LLC,
HUNT MH PROPERTY MANAGEMENT LLC,
UNKNOWN JOHN AND JANE DOES A THROUGH M, AND
OTHER UNKNOWN CORPORATE ENTITIES N THROUGH Z                    DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – IMPLIED WARRANTY OF HABITABILITY EXISTS AS A MATTER OF LAW**

COME NOW Plaintiffs, by and through their counsel of record, Rushing & Guice, P.L.L.C., and file this Memorandum in Support of Motion for Partial Summary Judgment – Implied Warranty of Habitability Exists as A Matter of Law, and would show this honorable Court as follows:

1. Rule 56(a) of the Federal Rules of Civil procedure provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

1

W:\!MOLD-MM ONLY\Dispositive Motions\Habitability\P\Individual Pleadings\Memo Implied Warranty of Habitability - Cooksey.docx

2. Plaintiffs allege in their Complaint/Amended Complaint (Document 306) that Defendants violated the Implied Warranty of Habitability, which is implied in all residential leases, when they provided a house that was not fit for human habitation.

3. Implied warranties are those promises not explicitly made by contract, but are nonetheless enforced by courts. Black's Law Dictionary (10th ed. 2014). Implied warranties arise by operation of law because of the circumstances of the lease rather than by the lessor's express promise.

4. The implied warranty of habitability was first recognized by Justice Sullivan's concurrence, joined by a majority of the Mississippi Supreme Court, in the case of *O'Cain v. Harvey Freeman and Sons*, 603 So.2d 824 (Miss.1991). In that concurrence, Justice Sullivan, relying heavily on the provisions of the Residential Landlord and Tenant Act, Section 89-8-1, et seq., Mississippi Code of 1972, wrote that the landlord tenant relationship itself gives rise to an implied warranty of habitability that, as a "bare minimum ... should require a landlord to provide reasonably safe premises at the inception of a lease...." Id. at 833. Despite the fact that this warranty would seem to suggest a cause of action sounding in contract, Justice Sullivan's concurrence specifically held that the "[b]reach of the duty to use reasonable care to provide safe premises would entitle the tenant to pursue contract remedies as well as tort." Id.

5. Any doubt as to the precedential value of Justice Sullivan's concurrence was answered by the Mississippi Supreme Court in the case of *Sweatt v. Murphy*, which acknowledged that four Justices besides Justice Sullivan joined the concurrence, and which also observed that "[t]he implied warranty of habitability is based upon sound considerations of public policy...." *Sweatt v. Murphy*, 733 So.2d 207 (¶ 9) (Miss.1999).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court grant

2

W:\!MOLD-MM ONLY\Dispositive Motions\Habitability\P\Individual Pleadings\Memo Implied Warranty of Habitability - Cooksey.docx

Plaintiffs' Motion for Partial Summary Judgment and find that the implied warranty of habitability exists as a matter of law as no genuine issues of material fact exist.

Respectfully submitted this the 10th day of May, 2019.

> RUSHING & GUICE, P.L.L.C.
> Attorneys for Plaintiffs
>
> BY: /s/ *Maria Martinez*
> MARIA MARTINEZ MSBN 9951
> WILLIAM LEE GUICE III MSBN 5059
> R. SCOTT WELLS MSBN 9456
> P.O. BOX 1925
> BILOXI MS  39533-1925
> Voice: 228-374-2313   Fax: 228-875-5987
> mmartinez@rushingguice.com
> bguice@rushingguice.com
> swells@rushingguice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to all counsel of record.

SO CERTIFIED this the 10th day of May, 2019.

> /s/ *Maria Martinez*
> MARIA MARTINEZ

3

W:\!MOLD-MM ONLY\Dispositive Motions\Habitability\P\Individual Pleadings\Memo Implied Warranty of Habitability - Cooksey.docx