UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON COOKSEY, HEIDI COOKSEY AND
SARAH COOKSEY, SYDNEY COOKSEY AND
SADIE COOKSEY, MINORS, BY AND
THROUGH THEIR NATURAL GUARDIANS,
JASON AND HEIDI COOKSEY                                                                PLAINTIFFS

V.                                                                CAUSE NO. 1:18-cv49-LG-RHW

HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP, LLC,
FOREST CITY RESIDENTIAL MANAGEMENT, LLC,
HUNT MH PROPERTY MANAGEMENT LLC,
UNKNOWN JOHN AND JANE DOES A THROUGH M, AND
OTHER UNKNOWN CORPORATE ENTITIES N THROUGH Z          DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – PUNITIVE DAMAGES APPROPRIATE REMEDY UNDER SERVICEMEMBER'S CIVIL RELIEF ACT (SCRA)**

COME NOW Plaintiffs, by and through their counsel of record, Rushing & Guice, P.L.L.C., and file this Memorandum in Support of Motion for Partial Summary Judgment – Punitive Damages Appropriate Remedy Under Servicemember's Civil Relief Act (SCRA), and would show this honorable Court as follows.

1. Rule 56(a) of the Federal Rules of Civil procedure provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

2. The SCRA, enacted in 2003 and amended several times since then, revised and expanded

the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA), a law designed to ease financial burdens on servicemembers during periods of military service. See 50 U.S.C. §§ 3901-4043. The SCRA is a federal law that provides protections for military members as they enter active duty. It covers issues such as rental agreements, security deposits, prepaid rent, evictions, installment contracts, credit card interest rates, mortgage interest rates, mortgage foreclosures, civil judicial proceedings, automobile leases, life insurance, health insurance and income tax payments.

3. The location of the SCRA within the United States Code changed in late 2015. Previously found at (codified and cited as) 50 U.S.C. App. §§ 501-597b, there was an editorial reclassification of the SCRA by the Office of the Law Revision Counsel of the United States House of Representatives that became effective on December 1, 2015. The SCRA is now found at (codified as) 50 U.S.C. §§ 3901-4043.

4. 50 U.S.C. §4042 speaks to a private right of action and the recovery of monetary damages:

> (a) In general. Any person aggrieved by a violation of this Act [50 U.S.C. App. §§501 et seq.] may in a civil action –
>
> (b) obtain any appropriate equitable or declaratory relief with respect to the violation; and
>
> (c) **recover all other appropriate relief, including monetary damages**.

5. 50 U.S.C. §4043 speaks to preservation of remedies:

> Nothing in Section 801 or 802 [50 U.S.C. App. §§597 or 597a] shall be construed to preclude or limit any remedy otherwise available under other law, including

consequential and punitive damages.

6.     Plaintiffs allege a violation of § 3951 of the SCRA which provides that except by court order, a landlord (or another person with paramount title) may not—

(A) evict a servicemember, or the dependents of a servicemember, during a period of military service of the servicemember, from premises—

(i) that are occupied or intended to be occupied primarily as a residence; and

(ii) for which the monthly rent does not exceed $2,400, as adjusted under paragraph (2) for years after 2003; or

(B) subject such premises to a distress during the period of military service.

7.     The SCRA provides for the recovery of punitive damage awards in appropriate cases.

8.     First, the cases that have considered the issue have concluded that punitive damages are available to remedy SCRA violations:

a. *Hurley v. Deutsche Bank Trust Co. Americas*, No. 1:08-CV-361 (W.D.Mich. December 17, 2010) - Punitive damages under the SCRA are available if warranted by the evidence.

b. *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 837 F.Supp.2d 581 (E.D. Va. 2011) - Punitive damages are available for willful and wanton violations of the SCRA.

9.     Second, the SCRA allows victims to seek "all other appropriate relief," language that invokes the Supreme Court's "appropriate relief" jurisprudence. That jurisprudence reveals that punitive damages are available to remedy SCRA violations in appropriate circumstances. Under the logic of the "appropriate relief" line of cases, punitive damages are available for certain SCRA violations – for example, those that are tortious, intentional, and outrageous.

10. In defining available remedies to vindicate federal statutory rights, the Supreme Court has provided three basic guideposts. First, all appropriate relief not expressly excluded is generally available. *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60 at 70-71 (1992) ("The general rule * * * is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute."). Second, the relief provided must be consistent with the structure or purposes of the statute. See *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 284-285 (1998). And third, courts should look to analogous common law causes of action to determine what relief is appropriate. See *Smith v. Wade*, 461 U.S. 30, 34-56 (1983) (holding, based upon tort-law principles, that certain Section 1983 violations may be remedied with punitive damages).

11. The Eleventh Circuit applied this "appropriate relief" jurisprudence to hold that a statute that authorizes "damages" and "creates a cause of action that sounds in tort" allows for punitive damages. *Ditullio v. Boehm*, 662 F.3d 1091, 1096 (9th Cir. 2011). Looking to tort law, the Court concluded that punitive damages were appropriate relief in civil causes of action brought under the Trafficking Victims Protection Act. Id. at 1096-1098. This Court reasoned that the statutory cause of action covers conduct that is tortious and often intentional and outrageous, and that allowing punitive damages was consistent with the statute's purposes. Id. at 1098. Similarly, punitive damages should be permitted to remedy certain SCRA causes of action, particularly causes of action that, like the claim at issue in *Ditullio*, sound in tort.

12. For eviction claims, as with any other tort claim, punitive damages may be appropriate relief for "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." See Restatement (Second) of Torts § 908 (1979). Likewise,

under the logic of *Ditullio* and the line of Supreme Court cases it applies, punitive damages are available to remedy certain eviction-like SCRA claims. Thus, where the conduct that gives rise to a SCRA wrongful eviction violation is outrageous, punitive damages may appropriately be awarded.

13. Mississippi Code Annotated Section 11-1-65(1)(a) allows for punitive damages where a plaintiff shows by clear and convincing evidence that the defendant "acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a) (Rev.2002). Punitive damages should be awarded in addition to actual or compensatory damages where "the violation of a right or the actual damages sustained, import insult, fraud, or oppression and not merely injuries, but injuries inflicted in the spirit of wanton disregard for the rights of others.... [In other words, there must be] some element of aggression or some coloring of insult, malice or gross negligence, evincing ruthless disregard for the rights of others, so as to take the case out of the ordinary rule." *Bradfield v. Schwartz*, 936 So.2d 931, 936 (Miss.2006).

14. Finally, "monetary damages" as used in the SCRA should be interpreted to include punitive damages. First, the ordinary meaning of the term is broad enough to include punitive damages. The term "monetary damages" is straightforward. Punitive damages are unquestionably monetary and, just as plainly, are a type of damages. Nothing in the term "monetary damages" suggests any intent to limit the forms of damages that are available. Without some indication that Congress intended to limit the natural meaning of the term, this Court should interpret the SCRA to allow for punitive damages.

15. Additionally, Congress used the term "monetary damages" in a similar context in the Fair Housing Act (FHA), and courts have determined that it includes punitive damages. The

FHA uses "monetary damages" to describe the relief the Attorney General may obtain on behalf of aggrieved persons in pattern-or-practice cases. The relevant provision states that a court may award, in addition to preventative relief, "such other relief as the court deems appropriate, including monetary damages to persons aggrieved." 42 U.S.C. 3614(d)(1)(B). The United States regularly obtains punitive damage awards for victims in FHA pattern-or practice cases. See, e.g., *United States v. Peterson, et al.*, No. 09-10333 (E.D. Mich. Aug. 6, 2010) (jury verdict) (awarding punitive damages to victims of sexual harassment); *United States v. Matusoff Rental Co.*, No. 3:99-cv-626 (S.D. Ohio Mar. 30, 2007) (final judgment) (awarding punitive damages to victims of racial and familial status discrimination); *United States v. L.T. Jackson*, No. 3:99-CV556 (S.D. Miss. June 11, 2002) (final judgment) (awarding punitive damages to victims of sexual harassment).

16.     An extensive discussion of the term "monetary damages" is in *United States v. Rent America*, 734 F. Supp. 474 (S.D. Fla. 1990). There, in reasoning equally applicable to the SCRA, the court determined that the "common-sense definition" of monetary damages includes punitive damages. Id. at 482. If Congress had wanted to exclude punitive damages, the court reasoned, it could have limited recovery to "actual damages" or some other defined type or types of damages. Because Congress chose that "all inclusive term of 'monetary damages,'" the court saw no reason to create a limitation to exclude punitive damages. Id. at 481. Other courts have reached the same conclusion. See, e.g., *United States v. Gumbaytay*, 757 F. Supp. 2d 1142, 1150 (M.D. Ala. 2010) (ruling that the term "monetary damages" in the FHA, 42 U.S.C. 3614, includes punitive damages); *United States v. Autumn Ridge Condo. Ass'n, Inc.*, 265 F.R.D. 323, 326 (N.D. Ind. 2009) ("[T]he term 'monetary damages' in relation to 42 U.S.C. § 3614(d)(1)(B) 'anticipates the inclusion of all damages which could be awarded in the form of

monetary damages . . . includ[ing] actual damages . . . and punitive damages.") (citing *Rent America*, 734 F. Supp. at 482).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court grant Plaintiffs' Motion for Partial Summary Judgment and find the punitive damages are recoverable under the SCRA as there are no issues of material fact and movant is entitled to judgment as a matter of law.

Respectfully submitted this the 10th day of May, 2019.

                                            RUSHING & GUICE, P.L.L.C.
                                            Attorneys for Plaintiffs

                    BY:    /s/ *Maria Martinez*
                               MARIA MARTINEZ MSBN 9951
                               WILLIAM LEE GUICE III MSBN 5059
                               R. SCOTT WELLS MSBN 9456
                               P.O. BOX 1925
                               BILOXI MS  39533-1925
                               Voice: 228-374-2313   Fax: 228-875-5987
                               mmartinez@rushingguice.com
                               bguice@rushingguice.com
                               swells@rushingguice.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to all counsel of record.

SO CERTIFIED this the 10th day of May, 2019.

                                            */s/ Maria Martinez*
                                            MARIA MARTINEZ

7

W:\!MOLD-MM ONLY\Dispositive Motions\SCRA\Punitive Damages\P\Ind. Pleadings\Memo SCRA Punitive Damages Cooksey.docx