UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON COOKSEY, HEIDI COOKSEY AND
SARAH COOKSEY, SYDNEY COOKSEY AND
SADIE COOKSEY, MINORS, BY AND
THROUGH THEIR NATURAL GUARDIANS,
JASON AND HEIDI COOKSEY                                                    PLAINTIFFS

V.                                                   CAUSE NO. 1:18-cv49-LG-RHW

HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP, LLC,
FOREST CITY RESIDENTIAL MANAGEMENT, LLC,
HUNT MH PROPERTY MANAGEMENT LLC,
UNKNOWN JOHN AND JANE DOES A THROUGH M, AND
OTHER UNKNOWN CORPORATE ENTITIES N THROUGH Z        DEFENDANTS

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – FEDERAL PUNITIVE DAMAGES CLAIMS NOT SUBJECT TO STATE LAW CAP

COME NOW Plaintiffs, by and through their counsel of record, Rushing & Guice, P.L.L.C., and file this Memorandum in Support of Motion for Partial Summary Judgment – Federal Punitive Damages Claims Not Subject to State Law Cap, and would show this honorable Court as follows.

1. Rule 56(a) of the Federal Rules of Civil procedure provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

2. Punitive damages are recoverable under a federal action for violation of the Servicemembers Civil Relief Act (SCRA).

3. Mississippi state law imposes a cap on state law punitive damage awards.

4. The Mississippi state law cap on punitive damages does not apply to federal punitive damage awards. *Williams v. Riley* (5th Cir., 2013).

5. In *Williams v. Riley* (5th Cir., 2013), Appellants challenged a jury verdict holding DeSoto County and Atkinson liable for unlawfully firing Appellees for reporting inmate abuse at the DeSoto County jail. Appellees' suit alleged claims under 42 U.S.C. § 1983 for violation of their First Amendment rights and state law. Appellees each received awards of actual damages and, against Atkinson individually, punitive damages. The County and Atkinson appealed on various grounds. With regard to the award of punitive damages against Chief Atkinson Appellants sought the protections afforded by Mississippi's punitive damages statute, Miss. Code Ann. § 11-1-65, arguing that the punitive damages award against Atkinson should be revoked because his net worth was zero.

6. The Fifth Circuit rejected this argument and held that the state punitive damages statute was not applicable to federal damage awards:

   > These arguments are irrelevant, however, because the jury found Atkinson liable for punitive damages in connection with the Appellees' federal as well as state law claims. **There is no federal damage cap on punitive damage awards**. Appellants did not challenge the formulation of the jury instruction, hence Atkinson's liability for a federal violation supports the punitive damage award. *Williams v. Riley* (5th Cir., 2013).

   WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court grant Plaintiffs' Motion for Partial Summary Judgment and find that the Mississippi state punitive damages statute does not apply to a punitive damages award under the SCRA as no issues of

fact exist and movant is entitled to summary judgment as a matter of law.

Respectfully submitted this the 10th day of May, 2019.

                                              RUSHING & GUICE, P.L.L.C.
                                              Attorneys for Plaintiffs

BY:   /s/ *Maria Martinez*
        MARIA MARTINEZ MSBN 9951
        WILLIAM LEE GUICE III MSBN 5059
        R. SCOTT WELLS MSBN 9456
        P.O. BOX 1925
        BILOXI MS 39533-1925
        Voice: 228-374-2313   Fax: 228-875-5987
        mmartinez@rushingguice.com
        bguice@rushingguice.com
        swells@rushingguice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to all counsel of record.

SO CERTIFIED this the 10th day of May, 2019.

                                              /s/ *Maria Martinez*
                                               MARIA MARTINEZ