UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON COOKSEY, HEIDI COOKSEY AND
SARAH COOKSEY, SYDNEY COOKSEY AND
SADIE COOKSEY, MINORS, BY AND
THROUGH THEIR NATURAL GUARDIANS,
JASON AND HEIDI COOKSEY                                             PLAINTIFFS

V.                                                          CAUSE NO. 1:18-cv49-LG-RHW

HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP, LLC,
FOREST CITY RESIDENTIAL MANAGEMENT, LLC.,
HUNT MH PROPERTY MANAGEMENT LLC,
UNKNOWN JOHN AND JANE DOES A THROUGH M, AND
OTHER UNKNOWN CORPORATE ENTITIES N THROUGH Z        DEFENDANTS

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT – EXISTENCE OF KNOWN DANGEROUS CONDITION/LATENT DEFECT AND BREACH OF DUTY TO WARN OF KNOWN DANGEROUS CONDITION/LATENT DEFECT**

COME NOW Plaintiffs, by and through their counsel of record, Rushing & Guice, P.L.L.C., and file this Memorandum in Support of Motion for Partial Summary Judgment – Existence of Known Dangerous Condition/Latent Defect and Breach of Duty to Warn of Known Dangerous Condition/Latent Defect, and would show this honorable Court as follows:

1.  Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

2. Plaintiff, Jason Cooksey, a Master Sergeant in the United States Air Force, entered into a Military Lease Agreement with Forest City Southern Group, LLC (Owner), owner of the property located at 208 Patrick Drive Biloxi, MS 39531 (Subject Property) on January 17, 2012. In accordance with the lease, the property was managed by Forest City Residential Management, Inc. nka Forest City Residential Management, LLC (Agent) who was authorized to manage the Subject Property on behalf of Owner and to receive rents, execute leases, enforce leases, and give and accept notices, demands and service of process on behalf of, and as Agent of Owner. In February of 2016, Hunt Southern Group, LLC became Owner and Hunt MH Property Management, LLC became Agent.

3. Plaintiffs allege in their Amended Complaint (Document 306) that Defendants, as Owners and Agents, did not disclose to Plaintiffs that they knew that toxic mold was a problem in the military housing they owned and managed; did not disclose to Plaintiffs that they knew that toxic mold had caused serious health problem to residents of military housing they owned and managed, did not disclose to Plaintiffs that they knew the military housing they owned and managed suffered from serious construction defects that caused damp indoor spaces making the growth of toxic mold foreseeable and that Defendants negligently failed to promulgate warnings to their tenants about the existence of toxic mold and/or the possibility of the development of toxic mold.

4. A landlord is now liable for injuries incurred as a result of dangers, which usually are latent, which he knows about and conceals, or, being aware of same, does not inform the tenant. Where the tenant knows of the defect or danger on the premises, no duty arises to the landlord with respect thereto. In the absence of an express agreement between the landlord and tenant to make repairs, there is no obligation or duty upon the landlord to do so, and only where there is

an agreement for specific repairs will a breach of that agreement impose liability for personal injury. *Loflin v. Thornton*, 394 So.2d 905, 906 (Miss. 1981).

5.      In Mississippi a landlord's breach of his covenant to generally repair the rented premises or its contents does not render him liable for personal injuries to the tenant ... unless it appears that at the time of the lease that this premises contained, to the landlord's knowledge, some dangerous hidden defect or defects unknown to or concealed from the tenant and which the tenant could not have discovered by a voluntary inspection. *Williams v. Briggs Co.*, 62 F.3d 703 (5th Cir. 1995).

6.      The Subject Property contained a dangerous latent defect which Defendants as Owners and Agents knew about as evidenced by the following documents which will be filed under seal as they are subject to a Confidentiality Order:

- September 12, 2011 Report of Limited Property Condition Assessment and Visual Infrastructure Assessment prepared by AMEC E & I INC (FCRM00000859). **Exhibit A to be produced under seal.**

- September 30, 2011 Master Development and Management Agreement for the Privatization of Military Family Housing, (Hunt-Gen04-00452). **Exhibit V to be produced under seal.**

- February 17, 2012 Letter from Liberty Building Forensics Group (FCRM00000361). **Exhibit B to be produced under seal.**

- February 17, 2012 Report of Housing Assessment for Moisture Related Problems prepared by Liberty Building Forensics Group (FCRM00000515). **Exhibit C to be produced under seal.**

W:\!MOLD-MM ONLY\Dispositive Motions\Failure to Warn\P\Ind. Pleadings\Memo Failure to Warn- Cooksey.docx

3

- August 3, 2012 Letter Bullet List to Further Delineate Implementation of Scope of Work Keesler AFB Housing Assessment for Moisture Related Problems prepared by Liberty Building Forensics Group (FCRM00000520). **Exhibit D to be produced under seal.**

- October 2, 2012 Building Science Corporation Enclosure and HVAC Analysis of Housing Units on Keesler Air Force Base (FCRM00001096). **Exhibit E to be produced under seal.**

- November 6, 2012 Rimkus Consulting Group Inc. HVAC System Evaluation Keesler Air Force Base Housing growth (FCRM00000931). **Exhibit F to be produced under seal.**

- April 22, 2013 Keesler AFB Privatized Housing Complex Residential Modifications Recommendations and Observations by J.O. Collins Contractor Inc. (Hunt - Gen05 – 00193). **Exhibit G to be produced under seal.**

- April 26, 2013 Observations on HVAC Rehabilitation from Kimbel Mechanical Systems (Hunt - Gen05 – 00471). **Exhibit H to be produced under seal.**

- May 1, 2013 Prototype Completion Report HVAC Improvements Project (Hunt - Gen05 – 00363). **Exhibit I to be produced under seal.**

- December 23, 2013 Report prepared by Forest City (FCRM00001001). **Exhibit J to be produced under seal.**

- December 2, 2015 Keesler Air Force Base Enclosure & Moisture Issues Evaluation Report by Building Science Corporation (SDT SG-DB LLC 000225). **Exhibit K to be produced under seal.**

- Maintenance history of the Subject Property from the time the land lease with the United States Air Force was entered into with Forest City Southern Group, September 30, 2011 through the date Plaintiffs signed their lease (COOKSEY-HUNT-GEN02-00010 through 00019). **Exhibit L to be produced under seal.**

7. The latent defect or known dangerous condition hidden from Plaintiffs in the attic of their home and behind their walls consisted of a plethora of construction defects leading to moisture and mold growth caused by faulty construction which Defendants failed to repair prior to Plaintiffs leasing the Subject Property and which plethora of defects is described over and over again in explicit detail in the documents which are being produced under seal. No less than 10 different reports highlight the pervasiveness of mold and moisture problems in the housing including but not limited to humid air infiltration, improperly sized HVAC equipment, poorly insulated sheet metal surfaces and duct sweating and leakage.

8. Of the utmost importance is the fact that the mold problem in military family housing was so significant in 2011 that "Keesler Mold" was a defined term and the parties agreed that remediation was required in the United States Department of the Air Force Master Development and Management Agreement for the Privatization of Military Family Housing entered into between the United States of America and Forest City Southern Group, LLC on September 30, 2011. Additionally, Defendant Hunt Southern Group, LLC, fka Forest City Southern Group, LLC was required to retain an independent consultant and report back to the government no later than January 10, 2012. **Exhibit V to be produced under seal at pages 6 and 16**.

9. On February 13, 2015 a Complaint was filed by Defendant Forest City Southern Group, LLC nka Hunt Southern Group, LLC against Hunt Building Company, Ltd., Hunt Yates, LLC, W.G. Yates & Sons Construction Company and others in the in the Circuit Court of Harrison

County, Mississippi Second Judicial District. This lawsuit was referred to by Defendant Forest City Southern Group, LLC nka Hunt Southern Group, LLC as the "latent defect claim" and is an admission by Defendant Forest City Southern Group, LLC nka Hunt Southern Group, LLC that a latent defect in fact existed in all housing on Keesler Air Force Base. **Complaint, Exhibit M. Excerpts from Deposition testimony of John Hoyt, Vice President of Development for Forest City Military Communities from 2008 - 2016 and Vice President for Hunt Military Communities from 2016 - present, Exhibit N to be produced under seal.**

10. This latent defect claim asserted that defects, hidden from view by the fraudulent actions of the defendants, existed in housing on Keesler Air Force Base and that after Defendant Forest City Southern Group, LLC nka Hunt Southern Group, LLC took over ownership of Keesler Air Force Base housing it begin to receive complaints from residents about water infiltration and indoor air quality issues, that these complaints revealed potential problems with the building design and construction, as well as the performance of the HVAC systems, that an apparent attempt to address the ongoing problems with the structures failed to adequately address the problems, that in an attempt to conclusively establish the cause(s) of the problems reported by the residents Forest City created and implemented a remediation plan on a sample of the 1028 structures which universally revealed "shoddy workmanship" and proceeded to describe the "shoddy workmanship" with a list that detailed no less than ten latent defects derived from the previously listed reports.

11. This undisputable admission by Defendant Forest City Southern Group, LLC nka Hunt Southern Group, LLC was clearly established when they caused to be filed the complaint which contains unequivocal statements describing hidden defects discovered by them after purchasing the properties as follows: "numerous branch duct and main trunk runs were found to be

unsupported and buried below the blown in insulation in order to **fraudulently conceal** the shoddy workmanship" and "the shoddy workmanship was **fraudulently concealed in a manner intended to prevent discovery**" and "Hunt, Hunt Yates, and/or Yates knew or should have known of the existence of these defects prior to covering them with insulation or closing them in inaccessible locations and therefore **fraudulently concealed them from observation**."

12. In anticipation of Defendants' response, for Defendants to assert that a latent defect did not exist on the Subject Property after filing a pleading with the Circuit Court of Harrison County, Mississippi stating otherwise would be an inconsistent position subject to the equitable doctrine of judicial estoppel. Judicial estoppel "is an equitable doctrine invoked by a court at its discretion" for the purpose of "protect[ing] the integrity of the judicial process." *New Hampshire v. Maine*, 532 U.S. 742, 749–50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (internal quotation marks omitted). Judicial estoppel is applied to protect the integrity of the judicial process by preventing parties from "playing fast and loose with the courts" to gain an advantage and lessening the risk of inconsistent or inequitable court determinations. *Howard v. Fina Oil & Chem. Co.,* Civil No. 1:15-cv-48-HSO-JCG (S.D. Miss. 2016).

13. Instead of disclosing what they knew to be a hidden and dangerous defect to Plaintiffs, Defendants continued to hide it. The undisputable fact that Defendants did not disclose these known dangerous latent defects to Plaintiffs is established by the following deposition testimony:

> a. The existence of the known latent defect was not disclosed to residents in the leasing package. As part of the leasing package evidenced by the Paperwork Checklist, residents were given a Community Handbook that did not mention the world "mold" and a Mold Addendum that instructed residents what to do "if" they

found mold in their home. **Excerpts from deposition testimony of Cindy Ritenour, employed by Forest City Residential Management since 1990 and currently serving as Vice President of Administration, Exhibit O to be produced under seal. Excerpts from individual deposition testimony of Freddie James, Resident Service Specialist and Assistant Manager for Forest City Residential Management from 2013– 2014 and Community Director for Hunt MH Property Management, LLC from 216 – present, Exhibit P to be produced under seal.**

b. The Mold Addendum is not a disclosure. **Excerpts from deposition testimony of Cindy Ritenour, employed by Forest City Residential Management since 1990 and currently serving as Vice President of Administration, Exhibit O to be produced under seal. Excerpts from individual deposition testimony of Freddie James, Resident Service Specialist and Assistant Manager for Forest City Residential Management from 2013 – 2014 and Community Director for Hunt MH Property Management, LLC from 2016 – present, Exhibit P to be produced under seal.**

c. The maintenance records for the Subject Property for the time prior to Plaintiffs' lease were not disclosed to Plaintiffs. **Excerpts from 30(b)(6) deposition testimony of Freddie James, Community Director for Hunt MH Property Management, LLC, Exhibit Q to be produced under seal.**

d. Neither Forest City Residential Management LLC nor Hunt MH Property Management LLC disclosed to residents during the leasing process that there was a known moisture and mold problem in housing. **Excerpts from deposition**

8

W:\!MOLD-MM ONLY\Dispositive Motions\Failure to Warn\P\Ind. Pleadings\Memo Failure to Warn- Cooksey.docx

**testimony of Mary Ranson, Assistant General Manager of Forest City Southern Group from 2012 – 2013, General Manager of Forest City Southern Group from 2013 – 2016 and director of Operations for Hunt Military Housing from 2016 – present, Exhibit R to be produced under seal.**

14. The undisputable fact that Defendants did not disclose these known dangerous latent defects to Plaintiffs is confirmed by the Affidavit of Plaintiff, Jason Cooksey, Master Sergeant, wherein Plaintiff states that prior to signing the lease, Plaintiff was not shown the prior maintenance history of the Subject Property nor was the prior maintenance history discussed with Plaintiff, that Plaintiff's move-in inspection did not consist of an inspection of the Subject Property's attic or HVAC system, that Plaintiff's lease requires that the landlord make all repairs to the Subject Property, that Plaintiff was not told that a significant moisture and mold problem existed in housing on Keesler Air Force Base prior to signing the lease, that the Mold Addendum signed as part of Plaintiff's leasing package did not disclose that a significant moisture and mold problem existed in housing on Keesler Air Force Base but instead instructed Plaintiff what to do **IF** mold was found in the Subject Property and that none of the detailed reports that resulted from investigations by specialists at the request of Defendants were shown to Plaintiff prior to signing the lease. **Affidavit of Plaintiff attached as Exhibit S.**

15. Defendants were responsible for all repairs pursuant to the lease. **Lease, Exhibit T to be produced under seal.** Not only did the lease make Defendants as Owners and Agents responsible for repair (Paragraph 14 – Maintenance) it also expressly prohibited Plaintiffs from making repairs without their express written consent (Paragraph 13 - Repairs/Alterations/Liens).

16. Any reference to the Mold Addendum signed by Plaintiffs is a red herring. The Mold Addendum did not speak to the known latent defect. The Mold Addendum does not disclose that a

significant moisture and mold problem existed in housing on Keesler Air Force Base. The Mold Addendum instead advised Plaintiffs what to do **IF** mold was found in the home. **Mold Addendum, Exhibit U to be produced under seal.**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request this Court grant Plaintiffs' Motion for Partial Summary Judgment and find that a latent defect existed as a matter of law and that Defendants breached their duty to disclose that latent defect to Plaintiffs.

Respectfully submitted this the 10th day of May, 2019.

        RUSHING & GUICE, P.L.L.C.
        Attorneys for Plaintiffs

BY:  /s/ *Maria Martinez*
       MARIA MARTINEZ MSBN 9951
       WILLIAM LEE GUICE III MSBN 5059
       R. SCOTT WELLS MSBN 9456
       P.O. BOX 1925
       BILOXI MS 39533-1925
       Voice: 228-374-2313  Fax: 228-875-5987
       mmartinez@rushingguice.com
       bguice@rushingguice.com
       swells@rushingguice.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system which sent notification of such filing to all counsel of record.

SO CERTIFIED this the 10th day of May, 2019.

        /s/ *Maria Martinez*
        MARIA MARTINEZ