UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JASON COOKSEY et al                                           PLAINTIFFS

VERSUS                                 CIVIL ACTION NO. 1:18CV49-LG-RHW

HUNT SOUTHERN
GROUP, LLC et al                                        DEFENDANTS

## **ORDER GRANTING IN PART MOTION FOR SANCTIONS**

This matter is before the Court on Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 37, filed on April 26, 2019. Doc. [307]. On March 22, 2019, the Court granted in part Defendants' motion to compel, setting a deadline of April 5, 2019 for supplemental production. Doc. [282]. Discovery ended on April 8, 2019. In the motion for sanctions, Defendants assert that Plaintiffs failed to comply with the discovery order of April 5, 2019. As relief, Defendants request that Plaintiffs (1) produce a full digital copy of the Keesler Home Improvement group Facebook page and all associated data; (2) produce Heidi Cooksey's Facebook messages, including those from her personal Facebook page that have any relation to the claims, defenses, or damages in this case; (3) identify all social media sites Plaintiffs have had or currently have including whether Plaintiffs posted any statements, comments, videos, photographs, or messages that have any relation to the claims, defenses, or damages in this case; (4) produce every text message dating back to January 1, 2016, or to state under penalty that those texts are no longer recoverable and the specific details as to why not and how Plaintiffs determined that they are not along with the production of all available devices for forensic examination; (5) submit Jason and Heidi Cooksey for re-deposition; and (6) pay Hunt Defendants reasonable attorney fees and costs.

Plaintiffs argue that Defendants' motion is untimely because it was filed after the close of discovery. The Local Rules require discovery motions to be filed "sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." Local Rule 7(b)(2)(C). In this case, Defendants filed the original motion to compel on January 25, 2019, well in advance of the discovery deadline of April 8, 2019. *See* Doc. [203]. The motion now before the Court regards Plaintiffs' failure to comply fully with the order granting in part Defendants' timely filed motion to compel. The Court rejects Plaintiffs' procedural argument for denying the motion for sanctions. *See Gipson v. Mgmt. & Training Co.*, No. 3:16-CV-624-DPJ-FKB, 2018 WL 736265, at *6 (S.D.Miss. Feb. 6, 2018); *Select Comfort Corp. v. Arrowood Indemnity Co.*, 2014 WL 12605456, at *4 (D.Minn. Oct. 10, 2014) ("a motion for sanctions for not complying with a court order is not a discovery motion.").

**Keesler Home Improvement Facebook page**

Defendants assert that Plaintiffs failed to produce a full digital copy of the Keesler Home Improvement group Facebook page. In the order of March 22, 2019, the Court directed the parties "to discuss and agree to the best method for producing to Defendants a complete digital copy of the group page." Doc. [282] at 2. Plaintiffs do not dispute that they are obligated to produce a complete digital copy. Rather, they contend that they have encountered various technical difficulties. Plaintiffs remain under an obligation to produce a complete digital copy of the group page with associated data. Plaintiffs are directed to produce a complete digital copy of the group page and all associated data, either by permitting Defendants' IT representative to access the group page directly or by hiring an agreed upon third party to complete the endeavor, with the cost of a third party to be split evenly between the parties. Plaintiffs shall have 30 days

from the entry of this Order to provide the full digital copy, failing which the Court would entertain a motion to dismiss as sanctions for failing to comply with the Court's discovery order.

**Heidi Cooksey's Facebook Messages**

Defendants argue that Plaintiffs should be compelled to produce all of Heidi Cooksey's Facebook messages, including those from her personal Facebook account, that have any relation to the claims, defenses, or damages in this case. In the March 22, 2019 order, the Court directed Plaintiffs "to provide unredacted versions of the Facebook messages". Doc. [282] at 3. The Court also directed Ms. Cooksey to review her Facebook posts and Facebook messages to identify and produce responsive information. *Id.* at 4. She also was instructed to outline the process and results of the search. *Id.*

In response, Plaintiffs point to documents produced as the result of a search for additional responsive information. Doc. [368] at 4. Counsel for Plaintiffs represents that counsel and Ms. Cooksey have reviewed Facebook and Facebook messenger for posts responsive to the Court's order and used the search function to look for key words. *Id.* Based on Plaintiffs' response, it appears they have substantially complied with the Court's order. However, Plaintiffs are directed to provide an unredacted version of all messages, including the message cited by Defendants as Exhibit D, Response 00698. *See* Doc. [374-4]. Plaintiffs also are directed to indicate which search terms were used in reviewing Facebook and Facebook messenger.

**Other Social Media Sites**

In the order of March 22, 2019, the Court directed Ms. Cooksey to review "any other social media accounts, including Instagram, to identify and produce responsive information." Doc. [282] at 4. The Court further directed Plaintiffs to outline "the process and results of their search." *Id.* Furthermore, Plaintiffs were to "identify all social media platforms on which they

have posted commentary about Keesler housing, mold, or other claims about this lawsuit." *Id.* In their response, Plaintiffs provided a one-page email from Ms. Cooksey, in which she states "I do have an Instagram account but I have not posted anything regarding mold, the law suit or anything of that nature." Doc. [308-7]. The Court finds that Plaintiffs' response is incomplete. It fails to address social media platforms other than Instagram. Plaintiffs are directed to supplement their response to identify other social media accounts and any responsive information from those social media platforms. The response should be limited to Heidi Cooksey's social media accounts. Defendants have not pointed to any evidence indicating that any of the other Cooksey Plaintiffs posted relevant, discoverable information on social media accounts.

**Text Messages**

Defendants continue to seek text messages from Heidi Cooksey dating back to January 1, 2016. In her affidavit, Ms. Cooksey states she does not have access to her old text messages. Doc. [368-2]. She explains she has gone through five cell phones since the initiation of litigation after encountering various problems with the other phones: IPhone 6 dropped in a pond on August 25, 2017; IPhone 6+ malfunctioned and replaced on September 26, 2017; IPhone 6+ turned in with a cracked screen on June 18, 2018; IPhone 8 crashed in December 2018. She further states she has checked her ICloud account and no past or recent text messages have been backed up to the account. The Court cannot compel what Plaintiffs contend they do not possess. Thus, the Court denies Defendants' motion for any further discovery regarding Ms. Cooksey's text messages or her damaged cell phones. However, if Defendants wish to pursue the matter further, they may file a motion regarding spoliation.

**Re-Deposition of Jason and Heidi Cooksey**

The Court denies Defendants' request to re-depose Plaintiffs Jason and Heidi Cooksey. Without knowing what additional information might be produced as a result of this order, the Court does not consider additional depositions necessary at this time.

**Attorneys' Fees and Costs**

Defendants' request for attorneys' fees and costs is denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [307] Motion for Sanctions is GRANTED in part and DENIED in part, subject to the provisions outlined in this Order. Plaintiffs shall have 30 days in which to complete their discovery responses, failing which the Court would entertain a motion to dismiss as sanctions.

SO ORDERED AND ADJUDGED, this the 22nd day of August 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE