IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JASON COOKSEY, et al.**                                                                                   **PLAINTIFFS**

v.                                                                                   **CAUSE NO. 1:18-cv-49-LG-RPM**

**HUNT SOUTHERN GROUP, LLC, et al.**                                                                  **DEFENDANTS**

**ORDER REGARDING PARTIES' MOTIONS FOR
SUMMARY JUDGMENT AND DAUBERT MOTIONS**

**BEFORE THE COURT** are cross-Motions for Summary Judgment and *Daubert* Motions filed by the parties in this matter. For the reasons that follow, the Court finds that Defendants' [438] [440] Motions for Summary Judgment and [434] Motion to Exclude Opinions and Testimony of Dr. Paul Goldstein should be granted. This matter will be dismissed with prejudice.

Plaintiffs Jason Cooksey, Heidi Cooksey, Sarah Cooksey, Sydney Cooksey, and Sadie Cooksey allege that they were exposed to mold while living in housing at Keesler Air Force Base in Biloxi, Mississippi. (*See generally* Am. Compl., ECF No. 306). Plaintiffs assert claims for negligence, gross negligence, breach of contract, civil conspiracy, alter ego, fraudulent concealment, intentional endangerment, constructive eviction, violation of § 3951 of the Servicemembers Civil Relief Act (SCRA), breach of agreement to repair, and third-party beneficiary breach of contract. (Am. Compl. ¶¶ 31-65).

This matter is one of fifteen similar cases filed by current or former residents at Keesler involving allegations of toxic mold and raising substantially similar, if

not identical, claims.[1] Notably, this Court has already issued an opinion granting summary judgment to these Defendants on the same claims and substantially similar facts. *Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 4345990 (S.D. Miss. Sep. 12, 2019). In a separate order, the Court also excluded the plaintiffs' expert, Dr. Paul Goldstein, with respect to his opinion on specific causation. *Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 4392519 (S.D. Miss. Sep. 12, 2019). The Court then denied reconsideration in *Yarbrough v. Hunt S. Grp., LLC*, No. 1:18CV51-LG-RHW, 2019 WL 5596419 (S.D. Miss. Oct. 30, 2019). The *Yarbrough* plaintiffs appealed the Court's entry of summary judgment to the United States Court of Appeals for the Fifth Circuit, which affirmed "for the [same] reasons stated by the district court in its well-reasoned opinion." *Yarbrough v. Hunt S. Grp., LLC*, 836 F. App'x 238, 241 (5th Cir. 2020).

Defendants have now filed the present [434] Motion to Exclude Opinions and Testimony of Dr. Paul Goldstein and [438] [440] Motions for Summary Judgment in this action, arguing that Dr. Goldstein's opinion and testimony on specific causation

---

[1] *See Pate v. Hunt Southern Group, LLC*, 1:18cv46-HSO-RHWR; *Schooling v. Hunt Southern Group, LLC*, 1:18cv47-HSO-RHWR; *Fox v. Hunt Southern Group, LLC*, 1:18cv48-LG-RPM; *Foster v. Hunt Southern Group, LLC*, 1:18cv50-HSO-RHWR; *Yarbrough v. Hunt Southern Group, LLC*, 1:18cv51-LG-RHW; *Poole v. Hunt Southern Group, LLC*, 1:18cv52-LG-RHW; *Stewart v. Hunt Southern Group, LLC*, 1:18cv53-HSO-RHWR; *Eden v. Hunt Southern Group, LLC*, 1:18cv54-HSO-RPM; *Owen v. Hunt Southern Group, LLC*, 1:18cv55-LG-RHW; *Delack v. Hunt Southern Group, LLC*, 1:18cv56-LG-RPM; *Bean v. Hunt Southern Group, LLC*, 1:18cv393-HSO-JCG; *Rutherford v. Hunt Southern Group, LLC*, 1:18cv394-LG-RPM; *Alexander v. Hunt Southern Group, LLC*, 1:19cv28-HSO-JCG; and *Martin v. Hunt Southern Group, LLC*, 1:19cv172-HSO-JCG.

should be excluded, and that they are entitled to summary judgment on Plaintiffs' claims, for reasons nearly identical to those in *Yarbrough*. Plaintiffs' briefs in opposition are essentially identical to those filed in *Yarbrough* and make no effort to distinguish the cases.

Based upon a thorough review of the record, the Court finds that the present case and *Yarbrough* are factually indistinguishable in all material respects. Here, Plaintiffs have offered the same experts who were prohibited from opining on specific causation in *Yarbrough*. (*See* Dep. Paul Goldstein, ECF No. 460-28; Dep. Joe Morgan, ECF No. 457-6). The Court finds that the same reasoning and analysis applied in *Yarbrough*, 2019 WL 4392519, excluding Dr. Goldstein's opinion on specific causation, applies with equal force to his opinion in this case. The Court also finds that, for the same reasons detailed in *Yarbrough*, 2019 WL 4345990, at *4, Plaintiffs' other expert Joe Morgan cannot offer evidence as to specific causation. The Court further finds that the reasoning offered by this Court in granting Defendants' motions for summary judgment in *Yarbrough* is equally applicable here. *See id*. at *3-9.

The Court therefore adopts and incorporates by reference all of the relevant opinions issued by this Court and the Fifth Circuit in *Yarbrough* as the findings of this Court and concludes that Defendants' [434] Motion to Exclude Opinions and Testimony of Dr. Paul Goldstein and [438] [440] Motions for Summary Judgment

should be granted.[2]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [434] Motion to Exclude Opinions and Testimony of Dr. Paul Goldstein filed by Defendants, Hunt Southern Group, LLC, Hunt MH Property Management, LLC, and Forest City Residential Management, LLC, is **GRANTED** to the extent that Dr. Goldstein's opinion concerning specific causation is excluded as unreliable.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [438] Motion for Summary Judgment filed by Defendants, Hunt Southern Group, LLC and Hunt MH Property Management, LLC, and the [440] Motion for Summary Judgment filed by Defendant, Forest City Residential Management, LLC, are **GRANTED.** Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that all remaining pending motions are **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Again, despite notice of the *Yarbrough* decisions and their nearly identical factual basis, Plaintiffs' counsel made no attempt to distinguish this Court's orders or explain why this Court is not bound by the Fifth Circuit's decision affirming its summary judgment order. Instead, Plaintiffs filed nearly identical responses to those filed previously in this case, which contained the same arguments rejected by this Court in *Yarbrough* and failed even to reference the *Yarbrough* decisions.